UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

TOBIAS THOMAS and FERNANDO THOMAS,

                              Plaintiffs,                    FIRST AMENDED
                                                             COMPLAINT_____
                      - against -                            09 CV 1189 (JBW)(RER)

THE CITY OF NEW YORK, JERRY BOWENS, UC
4829, the name being presently unknown, UC
312, the name being presently unknown,
KAREEM ANDERSON, MICHAEL ARENELLA,
"JOHN" BAYAS, the first name being unknown,
MANUEL FERNANDEZ,  ARKMEEK HUNTER               **Jury Trial Demanded**
GERARD SARDINA, BRIAN TURNER, and JANE
DOE, the name being presently unknown,

                              Defendants.

----------------------------------------------------------------------x

        Tobias Thomas and Fernando Thomas, by their attorney Matthew Flamm,

allege the following upon information and belief as their Complaint:


                              Nature of the Action

        1.      This civil rights action arises from the October 6, 2007 arrests and

subsequent prosecutions of brothers Tobias Thomas and Fernando Thomas.

Plaintiffs allege that officers employed in the New York City Police Department's

Brooklyn South Narcotics Division subjected them to unlawful arrest and

prosecution, excessive force, illegal strip searches and fabricated evidence in

violation of their rights under the Fourth, Sixth and Fourteenth Amendments to

the United States Constitution and New York Common and Constitutional Law.

Plaintiffs seek declaratory relief pursuant to 28 U.S.C. §2201 as well as

compensatory and punitive damages for violation of their civil rights

<u>Jurisdiction and Venue</u>

2.        This action arises under 42 U.S.C. §1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.  Subject matter jurisdiction is conferred by 28 U.S.C. §1331 and §1343(3).  Plaintiffs assert supplemental jurisdiction over the City of New York under 28 U.S.C. §1367 and request that this Court  hear and decide their state law claims of false arrest, assault, battery, malicious prosecution, and negligent hiring, training, discipline and retention of unfit employees.

3.        Under 28 U.S.C. §1391(b), venue is proper in the Eastern District of New York because events forming the basis of the Complaint occurred in that District.

<u>Parties</u>

4.        Plaintiff FERNANDO THOMAS is a citizen of the United States of America residing in the State of New York, County of Kings.  At the time of the incidents complained of, Fernando Thomas was sixteen years of age.  He and Tobias Thomas are brothers.

5.        Plaintiff TOBIAS THOMAS is a citizen of the United States of America who at all times relevant resided in the State of New York, County of Kings.  He and Fernando Thomas are brothers.

6.        Defendant CITY OF NEW YORK is a Municipal Corporation organized under the laws of the State of New York.  Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency.  At all times

relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

7.     Defendant JERRY BOWENS was, at all times relevant, a member of the NYPD's Brooklyn South Narcotics Division and was involved in the arrests of plaintiffs and the torts arising out of plaintiffs' arrests.  On or about January 18, 2008, Bowens was arrested on charges of corruption and official misconduct. Bowens is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiffs from the illegal conduct of his fellow officers.  Bowens is sued in his individual capacity.

8.     Defendants UC 4829 and UC 312 were, at all times relevant, members of the NYPD's Brooklyn South Narcotics Division and were involved in the arrests of plaintiffs and the torts arising out of plaintiffs' arrests.  They are liable for directly participating in the acts described herein and for failing to intervene to protect plaintiffs from the illegal conduct of their fellow officers.  UC 4829 and 312 are sued in their individual capacity.

9.     Defendant MICHAEL ARENELLA was, at all times relevant, a supervising Sergeant in the NYPD's Brooklyn South Narcotics Division and was involved in the arrests of plaintiffs and the torts arising out of plaintiffs' arrests. On or about January 18, 2008, Arenella was arrested on charges of corruption and official misconduct.  He directly participated in the acts described herein, failed to properly supervise his subordinates and failed to intervene to protect plaintiffs from the illegal conduct of his fellow officers.  He is sued in his individual capacity.

10.     Defendants KAREEM ANDERSON, "JOHN" BAYAS, MANUEL FERNANDEZ,  ARKMEEK HUNTER, GERARD SARDINA and  BRIAN TURNER, were, at all times relevant, members of the NYPD's Brooklyn South Narcotics Division and were involved in the arrests of plaintiffs and the torts arising out of plaintiffs' arrests.  They are liable either for directly participating in the acts described herein or for failing to intervene to protect plaintiffs from the illegal conduct of their fellow officers.  They are sued in their individual capacity.

11.     Defendant JANE DOE is an unidentified member of the NYPD and the NYPD's Brooklyn South Narcotics Division who was involved in the arrests of plaintiffs and the torts arising out of plaintiffs' arrests.  Jane Doe is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiffs from the illegal conduct of her fellow officers.   Jane Doe is sued in her individual capacity.

12.     Defendants BOWENS, UC 4829, UC 312, ARENELLA, ANDERSON, BAYAS, FERNANDEZ, HUNTER, SARDINA, TURNER and DOE collectively, the "individual defendants"), were at all times relevant duly appointed and acting employees of the New York City Police Department and were agents, servants and employees acting within the scope of their employment by defendant City of New York.

13.     At all times relevant, the individual defendants were acting under color of state law.

<u>Notices of Claim</u>

14.     On or about April 18, 2008 and within ninety days after claims arose, plaintiffs filed Notices of Claim upon defendant the City of New York, by

delivering copies thereof to the person designated by law as a person to whom such claims may be served.

15.     The Notices of Claim were in writing and were sworn to by the plaintiffs, and contained their names and post office addresses.

16.     The Notices of Claim set out the nature of the claims, the time when, the place where and manner by which the claims arose, and damages and injuries claimed to have been sustained.

17.     The City of New York has neglected and failed to adjust the claims within the statutory time period.

18.     This action was commenced within one year and ninety days after the happening of events upon which claims are based.

Facts Underlying<br>Plaintiffs' Claims for Relief

19.     Beginning on October 6, 2007, Tobias Thomas and Fernando Thomas were arrested in front of their home at 2945 West 23rd Street in Brooklyn by defendant police officers, strip searched twice  –  once at Keyspan Park in Coney Island and the second time at the 60th Precinct Stationhouse  –  and then falsely prosecuted.

20.     After midnight on October 6, 2007, Fernando Thomas left his home in apartment 4J at 2945 West 23rd Street to go to a Kennedy Fried Chicken store at Mermaid Avenue between 123rd and 124th Street in Brooklyn.  He was to first meet his older brother and younger brother in front of their building.

21.     While Fernando Thomas was waiting, two acquaintances, David Ashby and Harold Carter, walked up to the building and the three started speaking for a few minutes.

22.     Plaintiff Fernando Thomas was not involved in illegal activity.

23.     Defendant Jerry Bowens and other individual defendants, arrived by van, accosted, arrested, handcuffed, frisked and searched Fernando Thomas without legal cause or justification.

24.     As a result of defendants' warrantless search, no illegal contraband was found on plaintiff – no drugs, drug paraphernalia, excessive cash or indeed any evidence of any wrongdoing much less of a criminal activity.

25.     A defendant handcuffed plaintiff Fernando Thomas excessively tightly, causing plaintiff pain and injury. Plaintiff's complaints about the cuffs were ignored.

26.     After plaintiff Fernando Thomas was handcuffed, individual defendants slammed plaintiff to the ground without cause or justification. Defendants lifted plaintiff off the floor by the handcuffs and placed him in an unmarked van.

27.     As to Tobias Thomas, he arrived after his brother Fernando had been put in the van. He questioned defendant officers about why they were arresting his younger brother. One of the defendants pushed Tobias Thomas and others then assaulted and arrested him. Tobias Thomas was slammed to the ground and elbowed in the head. The assault left plaintiff bruised and sore.

28.     Without cause or justification, individual defendants at the scene tightly handcuffed Tobias Thomas, causing pain and injury, and placed him in the unmarked police vehicle. Plaintiff Tobias Thomas' complaints about the cuffs were ignored.

29.    The two plaintiffs and the others in the van were then driven around for a time while the defendant officers made additional arrests.

30.    A defendant, believed to be Bowens, then drove the plaintiffs to Keyspan Park in Coney Island.  The arrestees, including the two plaintiffs, were each ordered from the van and ordered to pull down their pants and underwear and squat.

31.    Plaintiffs complied.  This unlawful strip-search yielded no evidence of any crime or offense by the plaintiffs.

32.    The defendants then brought plaintiffs and the others to the 60th Precinct Stationhouse.

33.    Upon arrival at the 60th Precinct, plaintiffs were placed in a cell. Defendants called in another officer to conduct a strip-search.

34.    Plaintiff Fernando Thomas was taken to a small room and ordered to pull his pants and underwear down, which he did, and to squat, which he did.

35.    Plaintiff Tobias Thomas was likewise taken to a small room and ordered to pull his pants and underwear down, which he did, and to squat, which he did.

36.    This second unlawful strip-search, like the first, yielded no evidence of any crime or offense.

37.    Bowens and other defendants prepared false police reports accusing Fernando Thomas of committing narcotics offenses.

38.    Defendants prepared false police reports accusing Tobias Thomas of committing crimes, including resisting arrest.

39.     After the arrest paper work was completed, plaintiffs were taken to Brooklyn Central Booking to await arraignment.

40.     While plaintiffs were awaiting arraignment, Bowens and other defendants misrepresented to the prosecutors that plaintiff Fernando Thomas had committed narcotics offenses and that plaintiff Tobias Thomas had committed crimes, including resisting arrest.

41.     These misrepresentations caused charges to be filed against the plaintiffs.

42.     Plaintiffs were subsequently arraigned in Kings County Criminal Court.

43.     Plaintiffs were released from Court on or about October 9, 2007 and ordered to return for continued prosecution.

44.     As a result of the false evidence provided by defendants against Fernando Thomas, plaintiff was forced, under threat of issuance of an arrest warrant and of arrest, to appear in Criminal Court multiple times to defend against the false charges.

45.     On or about November 13, 2007, Fernando Thomas was indicted based on false evidence provided by, upon information and belief, defendants Bowens and UC 4829.

46.     On January 23, 2008, the Kings County District Attorney's office moved to dismiss the indictment and all charges against Fernando Thomas were dismissed and sealed.

47.     As a result of the false evidence provided by defendants against Tobias Thomas, plaintiff was forced, under threat of issuance of an arrest warrant and of arrest, to appear in Criminal Court to defend against the false charges.

48.     On about December 6, 2007, the charges against Tobias Thomas were adjourned in contemplation of dismissal.  On June 13, 2009, and upon the motion of the Kings County District Attorney, the adjournment in contemplation of dismissal was vacated and the prosecution dismissed in the interests of justice and sealed.

49.     In January 2008, defendant Bowens, Arenella and other Brooklyn South Narcotics Division personnel were arrested on charges of corruption and official misconduct.

50.     All told, approximately twenty officers working Brooklyn South Narcotics Division's midnight tour were arrested, suspended, placed on modified duty or reassigned because of endemic corruption on the overnight tours.  At least four supervisors were reassigned because of the corruption; the City-wide Narcotics Commanding Officer, the head of Brooklyn South and two Brooklyn South Captains.

51.     The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful stops, arrests, assaults, strip-searches or prosecutions of the plaintiffs and others.

52.     The plaintiffs suffered physical pain and injury, mental anguish, shock, fright, trauma and deprivation of their constitutional rights, among other injuries.  They suffered, among other things, the authentic fear and anxiety of

being convicted and jailed based on defendants' false testimony and evidence, as many other innocent people had.

53.     At all times relevant, and arresting, imprisoning and bringing false and perjurious charges against the plaintiffs and others, in subjecting plaintiffs and others to humiliating strip-searches, the individual defendants acted maliciously, intentionally, willfully, negligently, and with reckless disregard for and deliberate indifference to plaintiffs' and others' rights and physical and mental well-being.

PLAINTIFFS' FEDERAL CLAIMS
AGAINST THE INDIVIDUAL DEFENDANTS

54.     Plaintiffs repeat the allegations of paragraphs 1-53 above as though fully stated herein.

55.     The conduct of the individual defendants as described herein amounted to unlawful seizure, excessive force, unlawful strip searches, fabrications of evidence, and malicious prosecution in violation of 42 U.S.C. 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

PLAINTIFFS' FEDERAL CLAIMS
AGAINST DEFENDANT ARENELLA

56.     Plaintiffs repeat the allegations of paragraphs 1-53 above as though fully stated herein.

57.     Defendant Arenella held the rank of Sergeant, lead the team of officers responsible for the plaintiffs' arrests and had direct supervisory responsibility for the conduct of the other individual defendants.  Defendant

-10-

Arenella both participated in the incidents and failed properly to supervise his

subordinates or to otherwise take action to remedy the wrongs done to the

Thomas brothers in violation of  42 U.S.C. 1983 and the Fourth, Sixth and

Fourteenth Amendments to the United States Constitution.

PLAINTIFFS' FEDERAL CLAIMS
AGAINST THE CITY OF NEW YORK

58.     Plaintiffs repeat the allegations of paragraphs 1-53 above as though

fully stated herein.

59.     The City of New York directly caused the constitutional violations

suffered by plaintiffs.

60.     Upon information and belief, the City of New York, at all relevant

times herein, was aware from notices of claim, lawsuits, complaints filed with the

City, and from the City's own observations, that police officers employed in the

Brooklyn South Narcotics Division, including the officers involved in the present

case, are unfit officers who have the propensity to commit the acts alleged herein.

Nevertheless, the City of New York exercised indifference by failing to take

remedial action. The City failed to properly train, supervise, discipline and retain

the officers and improperly retained and utilized them.  Moreover, upon

information and belief, the City of New York failed to adequately investigate prior

complaints filed against the officers.

61.     The aforesaid conduct by the City of New York violated plaintiffs'

rights under 42 U.S.C. 1983 and the Fourth, Sixth and Fourteenth Amendments to

the United States Constitution.

-11-

PLAINTIFFS' STATE COMMON LAW
CLAIMS AGAINST THE CITY OF NEW YORK

62.     Plaintiffs repeat the allegations of paragraphs 1-53 above as though fully stated herein.

63.     Because the police officers involved in the torts committed against plaintiffs were acting within the scope of their employment as members of the NYPD during the incidents in question, the City of New York is vicariously liable under state law for false arrest, assault, battery, unlawful strip searches, and malicious prosecution.

64.     Further, for the reasons set forth in ¶¶49, 50 and 60, the City is liable for negligent training, discipline, supervision, retention of the officers involved in the present case.

65.     The defendant City of New York's failure properly to train, supervise, discipline or retain its Police, including the Police Officers involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional searches, detentions, arrests, uses of force, false allegations and strip-searches and allowed the individual defendants to believe that they could with impunity arrest, brutalize, and abuse plaintiffs.

PLAINTIFFS' STATE CONSTITUTIONAL
 CLAIMS AGAINST THE DEFENDANTS

66.     Plaintiffs repeat the allegations of paragraphs 1-54 above as though fully stated herein.

67.     By the actions described above, the defendants deprived plaintiffs of rights secured by Article 1 Section 12 of the Constitution of the State of New

-12-

York, including plaintiffs' rights to be free from arrest without probable cause and to be free from unreasonable force.

<u>Request for Relief</u>

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A)    Declaratory relief as follows:

1.    A declaration that plaintiffs' right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments of the United States Constitution was violated;

2.    A declaration that plaintiffs' right to be free from unreasonable searches and seizures under Article 1 Section 12 of the New York State Constitution was violated;

3.    A declaration that plaintiffs' right to be free from unreasonable and excessive force under the Fourth and Fourteenth Amendments of the United States Constitution was violated;

4.    A declaration that plaintiffs' right to be free from unreasonable and excessive force under Article 1 Section 12 of the New York State Constitution was violated;

5.    A declaration that plaintiffs' right to be free malicious prosecution under the Fourth and Fourteenth Amendments of the United States Constitution was violated;

(B)    Compensatory damages in an amount to be fixed at trial;

(C)    By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from the individual defendants in an amount to be fixed at trial;

(D)    An award to plaintiffs of the costs and disbursements herein;

(E)    An award of attorney's fees under 42 U.S.C. §1988; and

(F)     Such other and further relief as this Court may deem just and

proper.

Dated: July 24, 2009
       Brooklyn, New York

MATTHEW FLAMM
Attorney for Plaintiff
26 Court Street, Suite 600
Brooklyn, New York 11242
(718) 797-3117

-14-